**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1564

UNITED STATES,

Appellee,

v.

PEDRO SIERRA,

Defendant, Appellant,

No. 05-1565

UNITED STATES,

Appellee,

v.

BRUNO MONTENEGRO,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Matthew V. Soares on brief for appellant Sierra.

Michael R. Hasse on brief for appellant Montenegro.
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and H.S. Garcia, United States Attorney, on brief for appellee.

July 3, 2006

**Per Curiam**.  Pedro Sierra and Bruno Montenegro appeal from the sentences they received after their pleas of guilty to conspiracy to possess marijuana with intent to distribute.  Their appeals have been consolidated for our review.

Sierra and Montenegro, along with four other men, were aboard a fishing vessel that had sailed from the country of Colombia in October 2003, heading for Puerto Rico.  The vessel was apprehended by the United States Coast Guard off the southern shore of Puerto Rico.  The Coast Guard retrieved 654 kilograms of marijuana that had been dumped into the sea from the vessel when the crew realized it had been detected.  Sierra and Montenegro entered into identical plea agreements with the government.  The agreements specified a base offense level of 28 under the federal Sentencing Guidelines and called for downward adjustments for acceptance of responsibility and compliance with the "safety valve" provision.  The agreements went on to declare that no other adjustments would apply, but reserved to the defendants the right to argue at the sentencing hearing for a downward adjustment based on USSG § 3B1.2, which allows a decrease in the offense level of a defendant who played a minor or minimal role in the offense.  Both defendants were sentenced on March 15, 2005, at separate hearings, to terms of 46 months in prison.

Each appeal raises a single issue: whether the district court violated Fed. R. Crim. P. 32(i)(3)(B) by failing to rule

explicitly on whether the defendant qualified for a downward adjustment based on his role in the offense. The pertinent facts concerning sentencing, however, are different for each of the defendants.

Rule 32(i)(3)(B) requires that a court, at sentencing, "must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

Appellant Sierra contends that the district court violated this rule by not making an explicit ruling as to whether Sierra was entitled to a downward adjustment for his role in the offense. However, while Sierra reserved the right in his plea agreement to argue the role-in-the-offense question, he did not invoke that right or even mention the issue at his sentencing hearing. This means both that there was no "controverted matter" that the judge would have been required by Rule 32(i)(3)(B) to decide and that Sierra forfeited the argument below. A district court has no obligation to raise a role-in-the-offense question of its own initiative, the more so since a defendant bears the burden

of proving his or her entitlement to a downward adjustment. See United States v. Ocasio, 914 F.2d 330, 332-33 (1st Cir. 1990).[1]

Defendant Montenegro, in contrast, did argue at his sentencing hearing that he played only a minor role in the marijuana transport and that he was entitled to a downward adjustment accordingly. In response, the government argued that Montenegro's role was not minor, but that he was in fact fully culpable and thus did not qualify for the downward adjustment. The district court imposed sentence on Montenegro without explicitly ruling on whether or not he was entitled to the adjustment, stating simply, "The Court has considered all the applicable adjustments under the new advisory Federal Sentencing Guidelines." The court sentenced Montenegro to 46 months in prison, which was the sentence specified in the plea agreement under the parties' assumption that Montenegro would qualify for downward adjustments based on acceptance of responsibility and "safety valve" but no other adjustments. After the court pronounced the sentence, defense counsel did not object to the court's failure to explicitly resolve the role-in-the offense question.

Because no timely objection was made, we review the district court's action for plain error. See United States v.

---

[1]The government argues that the waiver of appeal rights contained in Sierra's plea agreement should act to bar the present appeal. Because the appeal lacks merit in any event, we need not reach the waiver question.

<u>Mastera</u>, 435 F.3d 56, 61 (1st Cir. 2006). None exists here. Montenegro's reliance on Rule 32 is misplaced. The rule exists "to assure reliability" of the facts germane to sentencing, <u>United States</u> v. <u>Johnson</u>, 445 F.3d 339, 344 (4th Cir. 2006), and applies if there is a relevant factual dispute or if the defendant has objected to a portion of the Pre-Sentence Investigation Report (PSR). <u>See, e.g.</u>, <u>United States</u> v. <u>McCants</u>, 434 F.3d 557, 561-62 (D.C. Cir 2006) (obligations of Rule 32 applied where "key elements" of the PSR's sentencing calculations relied on "contentious" factual assumptions); <u>United States</u> v. <u>Darwich</u>, 337 F.3d 645, 666-67 (6th Cir. 2003) (obligations of Rule 32 applied where PSR took a stance on defendant's leadership role in the offense and defendant disputed that stance in objections to the PSR). Here, Montenegro raised no objections to the PSR and there was no pertinent factual dispute. In any event, the court's imposition of the 46-month sentence contemplated by the plea agreement suggests a rejection of Montenegro's request for a downward adjustment not accounted for in the plea agreement's calculation.

The sentences of appellants Sierra and Montenegro are **affirmed**.